UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                           ) | Criminal No. 04-10052-GAO |
| ) | |
| ) | |
| JUAN RAMOS                   ) | |

### OPPOSITION TO DEFENDANT'S MOTION
### FOR DATE OF MEETING DESCRIBED IN FBI REPORT

The government opposes the defendant's demand that the government identify the date of a meeting referenced in the FBI-302 attached as Exhibit 1. Because neither that date nor the content of the referenced meeting has any bearing on the narrow charges against this defendant, have no exculpatory value, are not material to the preparation of a defense, but would tend to reveal the identity of a confidential informant who provided information about the activities of a violent street gang with a justified reputation for exacting retribution against government cooperators, there is no basis for the request and no basis for allowing it.

This action was begun on February 19, 2004, when the defendant was named in a straightforward two-count indictment charging him with conspiracy to distribute crack cocaine and one count of distribution of crack cocaine. The case involves one hand-to hand sale made to a cooperating witness on video. Hence, the case itself could not be simpler.

At the time of the detention hearing, the government produces nearly a thousand pages of Jencks material and other documents relating to the underlying investigation. Because the government alleged that the defendant is a member (and in fact a leader) of the Almighty Latin Kings, the discovery included large amounts of intelligence about the Latin Kings and their operations in the Lawrence/Lowell area. Although this information was relevant for the Court in assessing the issue of detention, it has nothing to do with the charges set forth in the indictment, which as set forth above, involve a single hand-to-hand sale made to a CW and recorded on video.

The memorandum at issue in this case is attached as Exhibit 1. It concerns general organizational issues about the Latin Kings, as opposed to anything specific about the defendant's drug trafficking.[1] The government has no present intention of relying on the memo at trial and does not plan on calling the confidential informant who provided the information as a witness in this case.

The defendant's claim that this information is somehow relevant because he is charged with conspiracy cannot withstand the slightest scrutiny. Although the defendant is charged with conspiracy, it is a conspiracy to distribute drugs, not a conspiracy to lead the Latin Kings. Because there is nothing in

---

[1] The information in the report indicated that the defendant was dealing cocaine and marijuana. He is charged with selling crack.

the report regarding the specific charges against the defendant and nothing int eh report that is exculpatory (and could therefore be discoverable), the motion should be denied.

The motion should also be denied because it would tend to disclose the identity of the informant who provided the information in the first place. Under settled principles, the government has a right not to disclose such information absent a clear showing of need. E.g., Roviaro v. United States, 353 U.S. 53, 59 (1957) (recognizing the "Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law."). Because, as set forth above, no showing of need has been made in this case, the defendant's motion should be denied.

Respectfully submitted,

MICHAEL J. SULLIVAN
UNITED STATES ATTORNEY

By: _____
JOHN A. WORTMANN, JR.
PETER B. LEVITT
Assistant U.S. Attorneys
One Courthouse Way
Boston, MA
(617) 748-3207

CERTIFICATE OF SERVICE

I, JOHN A WORTMANN, JR. hereby certify that I have this served a copy of the foregoing by mail to counsel for Juan Ramos.

_____
JOHN A. WORTMANN, JR.
Assistant U.S. Attorney

302 (Rev. 10-6-95)

- 1 -

FEDERAL BUREAU OF INVESTIGATION



EXHIBIT 4

Date of transcription



the Local Crown Inca. learned that there was currently no Local Crown structure and that attempts were being made to re-organize the Lawrence leadership. informed that the gang was extremely weary of organization due to a concern that federal authorities, specifically the FBI Gang Task

igation on _____ at Boston, MA

# _____                                    Date dictated _____

SA MARK S. KARANGEKIS/msk

684

FD-302a (Rev. 10-6-95)



Continuation of FD-302 of , Page 2

Force, was targeting the Latin Kings in Lawrence, as it had done to the Immortal Outlaw gang, an ally gang of the Latin Kings.

Latin Kings in Lawrence were invited, to include KING SANTOS, KING FAITH, KING VICIOUS, KING VENOM, and KING INFAMOUS. The most significant were KING PITO and KING BOO BOO, both of whom wished a position in the leadership. Several meetings were held, and crown positions were going to be voted on, when KING FAITH advised that he received a letter from someone who was incarcerated by the "feds". The letter revealed that the FBI had an interest in Latin King leadership in Lawrence. It was determined at that point that the gang would continue to lay low.

a number of Latin Kings, particularly former crown office holders and significant warriors, are involved in drug trafficking in south Lawrence. KING VICIOUS is a heroin dealer. KING FAITH sells cocaine, and marijuana. KING SANTOS sells crack cocaine. KING CHOLO and KING PITO are involved in drug distribution, but act as middlemen who bring customers to the gang leaders. KING BOO BOO does the same. KING VENOM is extremely cautious, but has been observed in possession of large quantities of drugs and firearms. KING INFAMOUS is associated to his brother's (KING VENOM) criminal activities.

KING VICIOUS is a heroin dealer who sells in gram amounts. quantities of heroin, grams in "finger" form) located in KING VICIOUS' apartment at the Market Street projects, and observed KING VICIOUS sell gram amounts to other parties from the apartment on at least four occasions during the same period. KING VICIOUS has bragged that he controls the drug trade in the Springfield Street neighborhood. KING VICIOUS has a number of parties selling heroin, to include Immortal Outlaw PERRO and

302a (Rev. 10-6-95)

nuation of FD-302 of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ , On ▮▮▮▮▮▮ , Page  3

SANTANA BANANA, selling heroin for him on Springfield Street. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ has purchased heroin in gram amounts from KING VICIOUS. ▮▮▮▮▮▮ witnessed KING VICIOUS in possession of a 9 mm semi automatic pistol in his apartment during a sale of heroin.

LUIS RODRIGUEZ, AKA ONE EYED LUIS, who is currently residing at 27 Springfield Street, acts as a middleman for various drug dealers associated to the Latin Kings, to include KING VICIOUS and SANDY LNU, the brother of KING PSYCHO, a member of the Lawrence Chapter of the Latin Kings. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ SANDY informed KING PITO and KING CHOLO that LUIS had stolen drugs from him. ▮▮▮▮▮ PITO advised that SANDY was one of the biggest crack dealers in the area.

KING PITO also makes money by committing armed robberies of Dominican drug dealers. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

-302a (Rev. 10-6-95)

tinuation of FD-302 of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ , On ▮▮▮▮▮▮ , Page  4

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ KING PITO co-owned a Glock .40 caliber semi automatic pistol with SANTANA BANANA, another member of the Immortal Outlaw gang who resides at 16 Springfield Street in Lawrence.

 

U.S. Department of Justice

*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

United States Courthouse, Suite 9200
1 Courthouse Way
Boston, Massachusetts 02210

March 15, 2004

Melvin Norris
260 Post Road
Wayland, MA 01778

      Re:   <u>United States v. Juan Ramos</u>
             Criminal No. 04-10052-GAO

Dear Mel:

    The information requested in your letter of 3/22 might tend to identify the source. The government declines your request.

                                Very ~~truly~~ yours,

                                MICHAEL J. SULLIVAN
                                United States Attorney

            By:

                                JOHN A. WORTMANN, JR.
                                PETER K. LEVITT
                                Assistant U.S. Attorneys