UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

UNITED STATES OF AMERICA

v.                                                                    Crim. No. 04-CR-10052 GAO

JUAN RAMOS

_____

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE SURPLUSAGE FROM THE SUPERSEDING INDICTMENT PURSUANT TO FED. R. CRIM. P. 7(d)

On October 14, 2004, the Government obtained a superseding indictment in this case. This indictment is substantially identical to the prior version, except that in this new version the Government has added allegations (the "Notice of Additional Factors") in an attempt to deal with an anticipated decision by the United States Supreme Court finding the United States Sentencing Guidelines (hereinafter "Guidelines") unconstitutional. The Government's efforts must fail for the reasons set forth below, and the surplusage must be stricken from the indictment.

As it pertains to Mr. Ramos, the superseding indictment adds the following allegations under the heading "Notice of Additional Factors:"

1.    "The defendant, Juan Ramos, is accountable for at least 5 grams, but less than 20 grams, of cocaine base, a/k/a "crack cocaine." Accordingly, USSG § 2D1.1(c)(7) applies to this defendant." *Superseding Indictment, page 4.*

The remainder of the Counts, including the Conspiracy count, are unchanged in the Superseding Indictment, and there are no other "Notices of Additional Factors" set forth in this document.

The Court will readily recognize these allegations as having been taken from the Guidelines.  In fact, the Government provides a United States Sentencing Guidelines citation for these "additional factors."  Prior to the United States Supreme Court decision in Blakely v. Washington, __ U.S. __ (2004), 2004 U.S. LEXIS 4887, these allegations would have been dealt with in the context of the sentencing proceeding that would follow any conviction on this matter. Undeniably, however, Blakely raised serious concerns as to the constitutionality of the Guidelines.  Specifically, in the wake of Blakely, it is quite possible that the allegations referenced above will be deemed functional elements of a criminal offense, rather than the sentencing factors that they were clearly meant to be when promulgated by the United States Sentencing Commission.

The fear that the Guidelines might be held unconstitutional either in their totality or in part is not unfounded.  Several Courts have so held.  See United States v. Mueffleman, 2004 U.S. Dist. LEXIS 14114 (July 26, 2004); U.S. v. Einstman, 2004 WL 1576622 (S.D.N.Y., July 14, 2004); United States v. Fanfan, 2004 U.S. Dist. LEXIS 18593 (D. Me. 2004), cert. granted 73 U.S.L.W. 3074 (2004).  Several Courts in this Circuit have already held that under Blakely the Guidelines are unconstitutional and its provisions are not severable. See e.g. Mueffleman, supra. In fact, Blakely and its fallout has created such problems for the federal courts that the Supreme Court has already heard arguments regarding this issue in United States v. Booker, No. 04-104 and United States v. Fanfan, No. 04-105.  No decision has been rendered on these cases.

If the Supreme Court follows its analysis in Blakely when squarely presented with the issue of the constitutionality of the Guidelines, surely allegations contained in the Notice of Additional Factors, which the Government has heretofore maintained are sentencing

enhancements, will be viewed as "functional equivalents" of offense elements. Even if this happens, however, such a view does not make these factors actual elements of the offense charged, because only Congress has the authority to define the elements of criminal offenses. See e.g. United States v. Mutchler, 2004 U.S. Dist. Lexis 18053 at 10 (S.D. Iowa, September 9, 2004). The United States Supreme Court long ago determined that when a court declares a sentencing scheme unconstitutional, it has no authority to create one that passes constitutional scrutiny. See United States v. Jackson, 390 U.S. 570, 578-81 (1968) (federal kidnaping statute's mandatory death penalty was unconstitutional, but court did not have authority to convene a penalty phase jury).

The Guidelines were drafted by the sentencing commission to be used by judges in assessing a proper sentence. The Guidelines would be inapposite for use by a jury in determining whether the Government has proven an offense element by proof beyond a reasonable doubt. See United States v. Mueffleman, infra, at 8. As the Court noted in Mueffleman, Congress specifically declined to give juries a role in the Guideline scheme when enacting the Guidelines.

Since only Congress has the power to enact new criminal statutes, the "additional factors" cannot be viewed as elements of the offense. Therefore, they have no place in a properly drafted federal indictment. Rather, "[t]he indictment ... must be a plain, concise, and definite statement of the essential facts constituting the offense charged..." Hamling v. United States, 418 U.S. 87, 117-18 (1974). While the Blakely majority specifically invited Washington state prosecutors to include enhancements or aggravating factors in new indictments, it limited the invitation to those factors that are statutory. See generally Blakely. All of the Additional Factors alleged in this Superseding Indictment are non-statutory and are essentially are plucked word for word from the

Guidelines.

A District Judge has the authority to strike language from an indictment that is surplusage if it is prejudicial. Fed. R. Crim. P. 7(d). The language at issue here is clearly prejudicial, since it will inevitably be brought to the jury's attention. Presumably the Government will urge the Court to instruct on these "additional factors" when the case is submitted to the jury, so that they can argue for a finding of guilty beyond a reasonable doubt to comply with the mandate of Blakely. Further assuming that the jury makes such findings, the Government will undoubtedly ask the Court to sentence the defendant according to the applicable sentencing guideline range pursuant to the findings of the Jury. If this Court permits this Superseding Indictment to remain in its current state, and permits the Government to traverse the path described above, it would be treading upon new, constitutionally suspect ground. Since the judiciary has no authority to declare that the "additional factors" are elements of a new criminal offense, they should be stricken from the indictment.

Since the Guidelines provisions are not elements of any offense, the Notice of Additional Factors is of no substantive effect and must be stricken as surplusage. Similarly, since neither the Executive Branch nor the United States Grand Jury have the authority to declare that the "additional factors" are elements of a new criminal offense, this Court should order them stricken from the superseding indictment.

<div style="margin-left: 50%;">

Respectfully Submitted,
by his attorney,

</div>

Date:   November 29, 2004          /s/ MELVIN NORRIS
                                   Melvin Norris
                                   260 Boston Post Road, Suite 9
                                   Wayland, MA 01778

(508) 358-3305
MA BBO# 373900