UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES** ) | |
| ) | |
| v. ) | Cr. No. 04-10052-GAO |
| ) | |
| **JUAN RAMOS** ) | |

**GOVERNMENT'S OPPOSITION TO MOTION FOR BILL OF PARTICULARS**

Defendant Juan Ramos has moved for a bill of particulars. His sole basis for making this request is that he requires certain information "to adequately prepare his defense."

This request is specious because the defendant has already received the information that he seeks in the form of extensive discovery filed in this action. Even if the information had not been disclosed, however, there would still be no basis for the bill that he seeks.

"The function of a bill of particulars is to provide the defendant with the necessary details of the charges against him to enable him to prepare his defense, to avoid surprise at trial, and to protect against double jeopardy." United States v. Abreu, 952 F.2d 1458, 1469 (1st Cir. 1992). A bill of particulars should be granted only when the indictment is so vague that it does not comply with these purposes. United States v. Bloom, 78 F.R.D. 591, 599 (E.D. Pa. 1977); see United States v. Andrus, 775 F.2d 825, 843 (7th Cir. 1985) (bill required only when indictment so general that it fails to advise defendant of

the specific acts charged).

The test for a bill of particulars is not whether the particulars sought would be "useful" to the defense but whether the information is "necessary." United States v. Guerrerio, 670 F. Supp. 1215, 1224 (S.D. N.Y. 1987). A bill is not an appropriate way of obtaining information on evidentiary matters and is not designed to permit defendants to preview the evidence or the government's theory of the case. See United States v. Johnson, 504 F.2d 622, 628 (7th Cir. 1974); Overton v. United States, 403 F.2d 444, 446 (5th Cir. 1986); Hemphill v. United States, 392 F.2d 45, 49 (8th Cir.); United States v. Wolfson, 413 F.2d 804, 808 (2d Cir. 1969) (identities of persons present at time of offense); United States v. Remy, 658 F. Supp. 661, 669-70 (S.D.N.Y. 1987) (government not under any duty to detail "precise manner in which crimes alleged in the indictment were committed"); United States v. Finley, 705 F. Supp. 1272, 1278 (N.D. Ill. 1988) (government not required to provide defendant with details of the evidence it intends to introduce or the purposes for which it intends to introduce the evidence).

In this case, the indictment specifically alleges the dates and places of the alleged crimes as well as the nature of the crimes themselves. It identifies where the crimes took place and the duration of the conspiracy alleged. In addition, the government has presented detailed evidence against the defendant

at the detention hearing, has provided automatic discovery pursuant to Fed. R. Crim. P. 16(a) and Local Rule 116.1(A), and has provided both federal and state investigative reports, grand jury testimony, DEA-7 laboratory reports on which the drug weight in this case is based and other additional information that far exceeds what is required.  Because all this has given the defendant even more of the particulars of the alleged offenses, a bill of particulars is not necessary or warranted.   See United States v. Long, 706 F.2d 1044, 1054 (9th Cir. 1983) (government may obviate need for bill of particulars by disclosing additional details about charges during discovery).

                              Respectfully Submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney

                         By:  /s John A. Wortmann, Jr.
                              JOHN A. WORTMANN, JR.
                              Assistant U.S. Attorney
                              617-748-3207