```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA      )
                              )
          v.                  )    Criminal No. 04-10052-GAO
                              )
                              )
JUAN RAMOS                    )
```

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE SURPLUSAGE

The government opposes the defendant's motion to dismiss surplusage in this matter. The only "surplusage" alleged to be contained in the Superseding Indictment in this matter is the allegation that the conspiracy involved more than 5 grams (i.e., 5-20 grams) of cocaine base, a/k/a "crack cocaine." Because that allegation merely repeats a reference to a statutory mandatory minimum that is unaffected by Blakely even if the court ultimately determines that Blakely applies to the Federal Sentencing guidelines (and no such determination has been made), it is not "surplusage" in any sense of the word and hence the defendant's motion must be denied.

By its terms, Blakely did not overrule McMillan v. Pennsylvania, 477 U.S. 79 (1986) or Harris v. United States, 536 U.S. 545 (2002). 2004 WL 1402697, at *5. In Harris, the Court reaffirmed the holding of McMillan v.

Pennsylvania, that a fact that increases a statutory minimum sentence within the authorized range may be found by the sentencing judge by a preponderance of the evidence, and limited the Apprendi rule to facts that increase a statutory maximum. 536 U.S. at 568-569; id. at 556-568 (opinion of Kennedy, J.); id. at 569-572 (opinion of Breyer, J.); see also Blakely, 2004 WL 1402697, at *5 (distinguishing McMillan). Pre-Blakely law in this Circuit concerning the application of Harris to sentences under Title 21 will thus continue to apply. See United States v. Goodine, 326 F.3d 26, 29-31 (1st Cir. 2003) (" a judge's determination of drug quantity can influence the mandatory minimum sentence imposed, and such incremental changes in the minimum are typical sentencing provisions determined by the judge"). Compare United States v. Luciano, 311 F.3d 146, 154 (2d Cir. 2002) (claim that the imposition of a mandatory minimum sentence under 21 U.S.C. 841(b) without a jury finding violates Apprendi "is not tenable after Harris") with United States v. Velasco-Heredia, 319 F.3d 1080, 1085 (9th Cir. 2003) (Harris does not apply to imposition of mandatory minimum sentence under 21 U.S.C. 841(b) because, unlike 18 U.S.C. 924(c), finding which increases mandatory minimum

sentence under Section 841(b) also exposes defendant to higher statutory maximum).

Post-<u>Blakely</u> cases specifically dealing with mandatory minimums such as <u>Spero v. United States</u>, 2004 WL 1516863 (11th Cir. July 8, 2004) (per curiam), support this position.  Spero was convicted of heroin trafficking under 21 U.S.C. §841.  At sentencing, the Court made a judicial finding by a preponderance of the evidence that Spero's distribution had resulted in the death of a heroin user and imposed the 20-year mandatory minimum required by 21 U.S.C. §841(b)(1)(C).  On a subsequent section 2255 motion, however, the district court concluded that <u>Apprendi</u> required the government to prove the overdose at trial and reduced the sentence to 60 months (the otherwise applicable guideline sentence without considering the overdose death).  The government appealed that decision to the Eleventh Circuit.

In a decision which confirms one of the fundamental limitations recognized by Justice Scalia's opinion for the Court in <u>Blakely</u>, the Court of Appeals reversed.  It held that, because the 20 year mandatory minimum sentence originally imposed by the district court did not exceed the otherwise applicable statutory maximum, there was no

Apprendi error. This is of course the law in this circuit as well. E.g., United States v. Eirby, 262 F.3d 31, 37 (1st Cir.2001) (Apprendi does not effect the application of a mandatory minimum sentence in drug cases where the resulting sentence was less than 240 months; court noted that Apprendi taken pains to preserve the authority of McMillan v. Pennsylvania, 477 U.S. 79, 81-84, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986) which upheld a state statute that required a mandatory minimum sentence based solely on a judge's preponderance-of-the-evidence findings and concluded that the mere imposition of a mandatory minimum did not by itself implicate the due process issues raised by Apprendi); United States v. Robinson, 241 F.3d 115, 123 (1st Cir. 2001)("since McMillan clearly allows a fact that triggers a mandatory minimum sentence to be found by a judge using a preponderance-of-the-evidence standard as long as the mandatory minimum does not exceed the otherwise applicable statutory maximum, it forecloses [any argument that such mandatory minimums violate Apprendi]"). See also United States v. Harris, 122 S.Ct 2406 (2002)(mandatory sentences contained in 18 U.S.C. s 924 (c) remain sentencing factors so long as the sentence fall within the statutory maximum). But see United States v. Martinez, 234 F.Supp 2d 80, 90 (D.

Mass. 2002) (Gertner, J.)(Apprendi required government to prove overdose at trial to subject defendant to 20 year mandatory minimum sentence).

Because it was decided on July 17, Spero of course also had to address the implications of Blakely. It did, fully supporting the conclusion that the application of the mandatory minimum in this case remains a sentencing factor for the Court. This is what the Eleventh Circuit Court of Appeals held:

> Whatever other effect the Supreme Court's recent decision in Blakely v. Washington may have, it does not undermine the validity of minimum mandatory sentences, at least not where the enhanced minimum does not exceed the non-enhanced maximum. That much is clear from the fact that Blakely, like Apprendi, explicitly distinguished minimum mandatory sentences from the circumstances involved in those cases and indicated that McMillan v. Pennsylvania, 477 U.S. 79, 106 S.Ct. 2411 (1986), is still good law.
> . . . . . . . . . . . . . . .
> This case is on all fours with McMillan. The statutory maximum for the defendants' crime of conviction, under the facts to which they pleaded guilty and without reference to the "death enhancement" found by the judge, was twenty years. Therefore, the twenty-year sentence imposed upon the defendants did not exceed the statutory maximum and violate the Apprendi /Blakely doctrine.
>
> The district court thought otherwise. It reasoned that Apprendi should apply because the court might have sentenced the defendants to less than twenty years had there not been the twenty-year minimum, which resulted from the judicial finding that death had resulted from the drug offense to which the defendants pleaded guilty. However, statutory sentencing factors that trigger a statutory minimum and limit the judge's discretion in imposing sentence are permissible and need not be found by a jury, "provided that

the mandatory minimum term does not exceed the otherwise applicable statutory maximum." <u>Sanchez</u>, 269 F.3d at 1269; <u>see also Harris v. United States</u>, 536 U.S. 545, 567, 122 S.Ct. 2406, 2419 (2002) ("Within the range authorized by the jury's verdict, however, the political system may channel judicial discretion ... by requiring defendants to serve minimum terms after judges make certain factual findings.") That is what <u>McMillan</u> is all about.

(Emphasis supplied). The government believes that <u>Spero</u> is also what *this case* is all about at least in so far as it deals with setting the floor for Ramos' sentence and the allegation at issue (which only deals with the defendant's responsibility for at least five grams of cocaine base, a/k/a "crack cocaine." Because <u>Spero</u> demonstrates that <u>Blakely</u> does not affect the applicability of a statutory mandatory minimum sentence even if it applies to the Federal Sentencing Guideines, the defendant's motion to strike should be denied.

                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney

                       By:
                              /s John A. Wortmann, Jr.
Dated: December 10, 2004      JOHN A. WORTMANN, JR.
                              Assistant U.S. Attorney
                              617-748-3207

Case 1:04-cr-10052-GAO   Document 34   Filed 12/10/2004   Page 7 of 7